1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANTONIO M.  BREAKMAN,                  )          3:10-cv-00487-WGC
                                       )
                Plaintiff,             )
                                       )
        vs.                            )          **ORDER**
                                       )
TOM STUBBS,                            )
                                       )
                                       )
                Defendant.             )
_____)

        Before the court is Defendant's Second Motion in Limine or, in the Alternative, Motion for Judgment on the Pleadings.  (Doc. # 64.)[1] Plaintiff failed to file a response.

## I.  BACKGROUND

        At all relevant times, Plaintiff was in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 9).)  The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*)  Defendant is Correctional Officer Tom Stubbs.  (*Id.*)

        This action was originally filed in the Seventh Judicial District Court in and for the County of White Pine, and was subsequently removed by Defendant. (Doc. # 1.) On screening, the court determined that Plaintiff states colorable claims for excessive force under the Eighth Amendment and retaliation under the First Amendment.  (Doc. # 8.)

        Plaintiff alleges that on December 25, 2009, Defendant came to Plaintiff's cell with a video camera, demanding that Plaintiff "cuff up", and then began yelling at Plaintiff to keep his head up. (Doc. # 9 at 1.)  Plaintiff asserts that he complied, but Defendant slammed him face

_____

        [1]Refers to court's docket number.

down on the cement floor, and repeatedly punched Plaintiff in the face. (*Id*.) Plaintiff goes on to allege that Defendant put Plaintiff's cuffs and leg irons on so tight that his wrists and ankles were bleeding. (*Id*.)

Plaintiff claims that when he was brought to the medical department for treatment, Defendant threatened him to not file a grievance because no one would do anything about the situation. (Doc. # 9 at 1.) Plaintiff asserts that in retaliation for filing a grievance, Defendant had Plaintiff's property taken from his cell for two and a half days. (*Id*. at 2.)

Plaintiff seeks to recover compensatory and punitive damages as well as costs of suit. (Doc. # 9 at 2.) Defendant filed his Answer on June 9, 2011. (Doc. # 20.)

On October 17, 2011, the parties filed a Proposed Joint Pretrial Order. (Doc. # 33.) This document discusses the Eighth Amendment excessive force claim, but makes no mention of the retaliation claim. (*Id*.) The issues and exhibits listed for trial relate only to the excessive force claim. (*Id*.) This proposed order is signed by both parties. (*Id*.)

A jury trial was originally scheduled to commence on March 26, 2012, with a pretrial conference on March 19, 2012. (*See* Doc. # 43.)

On February 9, 2012, Plaintiff inexplicably filed another proposed pretrial order. (Doc. # 47.) Notably, Plaintiff only references the excessive force claim; no mention is made of the retaliation claim. (*Id*.)

The Pretrial Order was entered on March 7, 2012, adopting the Proposed Joint Pretrial Order submitted by both parties (Doc. # 33). (Doc. # 50.)

At the pretrial conference on March 19, 2012, Plaintiff requested and was granted a trial continuance to April 16, 2012, with a pretrial conference set for April 9, 2012. (Doc. # 53.) In addition, the court gave Plaintiff an extension up to March 30, 2012, to file his trial brief. (*Id*.)

Plaintiff filed his trial brief on March 28, 2012. (Doc. # 55.) He recounts the facts of the alleged excessive force incident, and at this point, mentions that his property was taken from his cell for two and a half days. (*Id*.)

On April 13, 2012, Defendant filed the instant motion seeking to have Plaintiff's

2

1  retaliation claim dismissed either by way of a motion in limine or a motion for judgment on the

2  pleadings. (Doc. # 64.) Plaintiff did not file an opposition.

3                                    **II.  LEGAL STANDARD**

4          A motion in limine is "[a] pretrial request that certain inadmissible evidence not be

5  referred to or offered at trial. Typically, a party makes this motion when it believes that mere

6  mention of the evidence during trial would be highly prejudicial and could not be remedied by

7  an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed.  2009). "Although the

8  Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has

9  developed pursuant to the district court's inherent authority to manage the course of trials."

10  *Luce v.  United States*, 469 U.S. 38, 40 n.  2 (1984).  In the Ninth Circuit, motions in limine

11  "allow parties to resolve evidentiary disputes ahead of trial, without first having to present

12  potentially prejudicial evidence in front of a jury." *Brodit v.  Cabra*, 350 F.3d 985, 1004-05 (9th

13  Cir.  2003) (citations omitted). "[A] motion in limine should not be used to resolve factual

14  disputes or weigh evidence." *Lopes v.  Viera*, 2012 WL 691995 , at *2 (E.D. Cal.  March 2, 2012)

15  (internal quotation marks and citations omitted).  Moreover, "[m]otions in limine address

16  *evidentiary questions* and are inappropriate devices for resolving substantive issues." *Id.*  at

17  * 9 (internal quotation marks and citations omitted) (emphasis original).  A motion in limine

18  should not be used as a substitute for a motion for summary judgment.  *Id.*  (citations omitted);

19  *see also Durham v.  County of Maui*, 2011 WL 2532468, at * 6 (D.  HI.  June 23, 2011), *Colton*

20  *Crane Co., LLC.  v.  Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at * 1 (C.D. Cal.  May

21  19, 2010). Therefore, Defendant's motion, which seeks the dismissal of a claim and not the

22  exclusion of evidence, is not properly considered as a motion in limine.

23          In the alternative, Defendant seeks consideration of his argument as a motion for

24  judgment on the pleadings. After the pleadings are closed but within such time as not to delay

25  the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).  "A judgment

26  on the pleadings is appropriate when, even if all the allegations in the complaint are true, the

27  moving party is entitled to judgment as a matter of law." *Mline ex rel.  Coyne v.  Stephen*

28

1  *Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir.  2005) (internal quotation marks omitted).

2  Courts have the discretion to grant a Rule 12(c) motion with leave to amend and may dismiss

3  causes of action rather than grant judgment. *See Lonberg v. City of Riverside*, 300 F.Supp.2d

4  942, 945 (C.D. Cal.  2004).

5       The standard applied to a Rule 12(c) motion is similar to that which is applied to a Rule

6  12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

7  As with Rule 12(b)(6) motions, review of a motion pursuant to Rule 12(c) is normally limited

8  to the complaint itself. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir.  2001).  The court

9  should assume the allegations in the complaint to be true and construe them in the light most

10 favorable to the plaintiff, and the movant must clearly establish that no material issue of fact

11 remains to be resolved. *McGlinchey v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.  1988).

12      If the court relies on materials outside the pleading in making its ruling, it must treat

13 the motion to dismiss as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *United States*

14 *v. Ritchie*, 342 F.3d 903, 907 (9th Cir.  2003). "A court may, however, consider certain

15 materials-documents attached to the complaint, documents incorporated by reference in the

16 complaint, or matters of judicial notice-without converting the motion...into a motion for

17 summary judgment." *Id.*  at 908.  If documents are physically attached to the complaint, then

18 a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint

19 necessarily relies on them." *Lee*, 250 F.3d at 688 (citation, internal quotation marks and

20 ellipsis omitted).

21      Here, Defendant relies on material outside the Complaint, *e.g.*, Plaintiff's grievance

22 forms, in making his motion. Therefore, the court is required to treat this as a motion for

23 summary judgment. While Defendant suggests that the court need not convert the motion into

24 one for summary judgment (Doc. # 64 at 3 ("While the court generally would convert a Rule

25 12 motion into one for summary judgment when the moving party presents matters outside the

26 pleadings, it may consider 'documents attached to the complaint, documents incorporated by

27 reference in the complaint, or matters of judicial notice'...")), this ignores the fact that

28

4

1   Defendant expressly relies on matters outside the Complaint.

2          "The purpose of summary judgment is to avoid unnecessary trials when there is no

3   dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*,

4   18 F.3d 1468, 1471 (9th Cir.  1994) (citation omitted). All reasonable inferences are drawn in

5   favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir.  2008) (citing

6   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate

7   if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

8   there is no genuine issue as to any material fact and that the movant is entitled to judgment as

9   a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the

10  material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S.

11  at 250.

12         The moving party bears the burden of informing the court of the basis for its motion,

13  together with evidence demonstrating the absence of any genuine issue of material fact.

14  *Celotex Corp.  v.  Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence

15  in an inadmissible form, only evidence which might be admissible at trial may be considered

16  by a trial court in ruling on a motion for summary judgment.  Fed.R.Civ.P. 56(c).

17         In evaluating the appropriateness of summary judgment, three steps are necessary: (1)

18  determining whether a fact is material; (2) determining whether there is a genuine issue for the

19  trier of fact, as determined by the documents submitted to the court; and (3) considering that

20  evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As

21  to materiality, only disputes over facts that might affect the outcome of the suit under the

22  governing law will properly preclude the entry of summary judgment; factual disputes which

23  are irrelevant or unnecessary will not be considered. *Id.*  at 248.

24         In determining summary judgment, a court applies a burden shifting analysis.  "When

25  the party moving for summary judgment would bear the burden of proof at trial, 'it must come

26  forward with evidence which would entitle it to a directed verdict if the evidence went

27  uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of

28                                          5

1  establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R.*

2  *Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal

3  citations omitted). In contrast, when the nonmoving party bears the burden of proving the

4  claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence

5  to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the

6  nonmoving party failed to make a showing sufficient to establish an element essential to that

7  party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at

8  323-25. If the moving party fails to meet its initial burden, summary judgment must be denied

9  and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress &*

10  *Co.*, 398 U.S. 144, 160 (1970).

11  If the moving party satisfies its initial burden, the burden shifts to the opposing party

12  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

13  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

14  the opposing party need not establish a material issue of fact conclusively in its favor. It is

15  sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

16  parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

17  *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The

18  nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations

19  that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions

20  and allegations of the pleadings and set forth specific facts by producing competent evidence

21  that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

22  At summary judgment, a court's function is not to weigh the evidence and determine the

23  truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

24  While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be

25  drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not

26  significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations

27  omitted).

28

1   It is apparent that there was an oversight regarding the retaliation claim in this case, and
2   this issue should have been raised in a motion for summary judgment early on in the case.  The
3   fact that the issue is being raised on the eve of trial is problematic because the dispositive
4   motion deadline set forth in the Scheduling Order has long since passed (*see* Doc. # 22, making
5   dispositive motions due on or before October 11, 2011), and Defendant did not timely seek to
6   modify the Scheduling Order with respect to an extension of the dispositive motion deadline.
7   (*Id*.) However, the court recognizes that "[t]he purpose of summary judgment is to avoid
8   unnecessary trials when there is no dispute as to the facts before the court." *Northwest*
9   *Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.  1994) (citation omitted).
10  After reviewing Defendant's motion, it appears that a trial with respect to the retaliation claim
11  is indeed unnecessary.  Accordingly, the court will sua sponte modify the Scheduling Order to
12  allow the late filing of this motion, which the court will treat as a motion for summary
13  judgment.  Plaintiff is not prejudiced as he was afforded an opportunity to respond to
14  Defendant's motion, and declined to do so.

### III.  DISCUSSION

16      A plaintiff may state a claim for violation of his or her First Amendment rights due to
17  retaliation under 42 U.S.C. § 1983. *Pratt v.  Rowland*, 65 F.3d 802, 806 (9th Cir.  1995).  Such
18  a claim consists of five elements: "(1) An assertion that a state actor took some adverse action
19  against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action
20  (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
21  reasonably advance a legitimate correctional goal." *Rhodes v.  Robinson*, 408 F.3d 559, 567-68
22  (9th Cir.  2005) (citations omitted).

23      The inmate must (1) submit evidence, either direct or circumstantial, to establish a link
24  between the exercise of constitutional rights and the allegedly retaliatory action; and
25  (2) demonstrate that his or her First Amendment rights were actually chilled by the alleged
26  retaliatory action. *Pratt*, 65 F.3d at 806-07.  Timing of the events surrounding the alleged
27  retaliation may constitute circumstantial evidence of retaliatory intent. *See Sorrano's Gasco,*

28                                                          7

1  *Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). The Ninth Circuit has recognized that

2  prisoners have a fundamental First Amendment right to file prison grievances and pursue civil

3  rights litigation, and "because purely retaliatory actions taken against a prisoner for having

4  exercised those rights necessarily undermine those protections, such actions violate the

5  Constitution quite apart from any underlying misconduct they are designed to shield." *Rhodes*,

6  408 F.3d at 567 (citation omitted).

7       Plaintiff alleges that Defendant took his property away for two and a half days in

8  retaliation for filing a grievance regarding the alleged excessive force incident. (Doc. # 9 at 1-

9  2.) As stated above, there must be a link between Plaintiff's exercise of his constitutional right,

10  *i.e.*, filing a grievance, and the alleged retaliatory action, *i.e.* the taking of Plaintiff's property.

11  The record before the court indicates that Plaintiff submitted his grievance related to the

12  excessive force incident on December 28, 2009 at 10:45 p.m. (Doc. # 64 at 2-3, Doc. # 64-1

13  (Ex. A-1) at 4.) Plaintiff asserts in his grievance that his property was taken on December 25,

14  2009, and it was kept for two and a half days. (Doc. # 64-1 (Ex. A-1) at 7.) Therefore, the

15  retaliatory action of taking Plaintiff's property occurred *before* Plaintiff filed his grievance

16  regarding the alleged excessive force incident. As a result, the court concludes that Plaintiff

17  cannot demonstrate the requisite causal link between the exercise of his constitutional rights

18  and the retaliatory action. Summary judgment is granted as to Plaintiff's retaliation claim, and

19  the case will proceed to trial only with respect to the Eighth Amendment excessive force claim.

20

21  **IT IS SO ORDERED**.

22

23  DATED: May 3, 2012

24  _____

25  WILLIAM G. COBB
    UNITED STATES MAGISTRATE JUDGE

26

27

28                                                8